**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL W. DABOSE,**

    **Plaintiff,**

**-vs-**                           **Case No. 6:14-cv-147-Orl-18DAB**

**JOHN E. JORDAN and JEFFORDS D.
MILLER,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 2)**
>
> **FILED:  January 29, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

  Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. 28 U.S.C. § 1915(e)(2) (1996).

  In this suit arising from the foreclosure of Plaintiff's home in Kissimmee, Florida, Wells Fargo Bank, N.A., began foreclosure proceedings against Plaintiff in the Ninth Judicial Circuit for Osceola County during July 2012; the case was apparently assigned to Judge John E. Jordan. Doc. 1 ¶ 9 (Case No. 2012-CA-3225). In the course of the foreclosure litigation in state court, Plaintiff apparently filed

a motion seeking a dismissal which was denied by Judge Jeffords D. Miller on July 8, 2013; Plaintiff's objection to the court clerk's entry of default was also denied on September 8, 2013. Doc. ¶¶ 11, 12. Plaintiff has a second motion to dismiss pending in state court and the matter is scheduled for trial on January 30, 2014. Doc. 1 ¶ 13. Plaintiff has filed suit against both state court judges and contends this Court has jurisdiction over the Wells Fargo Bank foreclosure against him under various sections of the United States Constitution. He alleges:

> Both defendants have knowingly conspired to systematically deny the Plaintiff of the right to examine, right to confront evidence, and have ignored an objections or motions submitted by the Plaintiff in the 9th District Court of Florida [sic] for a period of 1 ½ years. The Plaintiff is being systematically abused and denied due process by the defendants.

Doc. 1 ¶ 15. Plaintiff seeks money damages of $500,000, attorney's fees (though he is proceeding pro se) and costs, as well as a preliminary injunction. Doc. 1 ¶¶ 36-38.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. See 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue: or
> (B) the action or appeal –
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).

In this case, to the extent Plaintiff seeks to challenge in federal court the decisions being made in a state court proceeding, the federal court is precluded by the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court can conduct appellate

review of a state court decision unless Congress specifically permitted the review. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Jallali v. American Osteopathic Assoc.*, 461 Fed. Appx. 838, 839 (11th Cir. 2012).

In addition, the Defendants – state court judges deciding the foreclosure case against Plaintiff – are entitled to absolute judicial immunity. A judge is entitled to absolute immunity for any acts that are within the function of his or her judicial office. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lloyd v. Foster*, 298 Fed. Appx. 836, 840 (11th Cir. 2008). A court may dismiss an action *sua sponte* under 28 U.S.C. § 1915(e)(2) as frivolous when the defendant would be entitled to judicial immunity. *Mordkofsky v. Calabresi*, 159 F. App'x 938, 939 n.2 (11th Cir. 2005). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation and internal quotation marks omitted). Judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

It is respectfully **RECOMMENDED** that Plaintiff's application be denied and that the action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy